SARATOGA HARNESS RACING, INC., et al., Appellants, v. NEW YORK STATE QUARTER HORSE RACING COMMISSION et al., Respondents.

Third Department, May 31, 1973.

*Schrade, Morris & Roche* (*David W. Morris* of counsel), **for** appellants.

*Louis J. Lefkowitz, Attorney-General* (*Douglas S. Dales, Jr.,* and *Ruth Kessler Toch* of counsel), for New York State Quarter Horse Racing Commission, respondent.

*Conway, Dush & Allan* (*Harry A. Allan* of counsel), **for** Albany Quarter Horse Racing Assn., Inc., respondent.

*Reilly, Like & Schneider* (*Irving Like* of counsel), for Suffolk Meadows Quarter Horse Racing Assn., Inc., respondent.

MAIN, J. This is an appeal from an order and judgment of the Supreme Court at Special Term, entered January 5, 1973 in Albany County, which declared subdivision 4 of section 67 of the Pari-Mutuel Revenue Law (as added by L. 1970, ch. 1023, § 1) constitutional and dismissed plaintiffs' complaint.

The plaintiffs, Saratoga Harness and Roosevelt Raceway, commenced this action, seeking a judgment declaring subdivision 4 of section 67 of the Pari-Mutuel Revenue Law unconstitutional and enjoining the issuance of quarter horse racing licenses to the defendants, Albany Quarter Horse Racing Association and Suffolk Meadows Quarter Horse Racing Association. In essence, plaintiffs contend that subdivision 4 of section 67 of the Pari-Mutuel Revenue Law violates the equal protection guarantees of the New York and United States Constitutions, in that it provides, *inter alia,* that no license shall be granted to any quarter horse racetrack located within 50 miles of an existing harness, thoroughbred, or quarter horse track, except with the consent of the existing track, provided, however, in Albany and Suffolk Counties, a license may be granted, if the quarter horse track is more than 35 miles from an existing track. Two of the defendants have been issued temporary quarter horse racing licenses for tracks more than 35 but less than 50 miles from the tracks owned by the plaintiffs.

Special Term rejected the claim of unconstitutional discrimination and held that the Legislature had a rational basis for setting a 35-mile buffer zone for the Counties of Albany and Suffolk. Accordingly, defendants' motion to dismiss plaintiffs' complaints was granted.

The sole issue presented on this appeal is whether subdivision 4 of section 67 of the Pari-Mutuel Revenue Law violates the equal protection guarantee by arbitrarily setting a 35-mile limit for Albany and Suffolk Counties, rather than the 50-mile limit applicable to the rest of the State. Plaintiffs argue that both Albany and Suffolk Counties and Saratoga and Roosevelt Raceways are completely different from one another, whereas there are many tracks and counties classified in the 50-mile zone which have similar characteristics to those affected by the 35-mile zone. While this contention of plaintiffs has some merit, we do not conclude from it, as plaintiffs do, that, therefore, there is no rational basis for the action of the Legislature and that subdivision 4 of section 67 is unconstitutional. An act of the Legislature is presumptively constitutional (*I. L. F. Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263, app. dsmd. 369 U. S. 795) and only as a last resort will the courts declare a legislative act unconstitutional (*Matter of Roosevelt Raceway* v. *Monaghan,* 9 N Y 2d 293, app. dsmd. 368 U. S. 12). The Legislature may provide for different classifications without infringement of the equal protection guarantee and its discretion in this regard is broad and will not be disturbed if any state of facts

can reasonably be conceived to sustain the classification. (*Matter of Dorn " HH " v. Lawrence " II "*, 31 N Y 2d 154, 158.) If any set of facts, known or to be assumed, justifies the law, the court's power of inquiry ends. (*United States v. Carolene Prods. Co.*, 304 U. S. 144, 154; *Defiance Milk Prods. Co. v. Du Mond*, 309 N. Y. 537, 541.)

In this case, we cannot say that there is no rational basis for the different classifications for Albany and Suffolk Counties. These tracks are licensed primarily as a source of revenue for the State (N. Y. Legis. Doc., 1965, No. 7, Report of Joint Legis. Committee on Quarter Horse Racing), and these two counties, with their sharply increasing personal income and population, might well be excellent sources of this revenue, notwithstanding the presence of other tracks in the vicinity. If such be the case, a 50-mile zone could possibly exclude all the land where tracks could feasibly and successfully be located in these two counties. This is but one reasonable explanation for the Legislature's action and there may be many more.

At any rate, since there is, at the very least, this rational basis for subdivision 4 of section 67 of the Pari-Mutuel Revenue Law, the constitutionality of the section must be upheld.

The order and judgment should be affirmed, with costs.

STALEY, JR., J. P., COOKE, SWEENEY and KANE, JJ., concur.

Order and judgment affirmed, with costs.